IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                                                                                          4:15-CR-00198-01-JM

BYRON MYLES

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 187) is DENIED.

### I. BACKGROUND

On July 27, 2017, Defendant pled guilty to distribution of methamphetamine.[1] On September 20, 2018, he was sentenced to 235 months in prison.[2]

### II. DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release on January 25, 2021, but he asserts that he has

---

[1]Doc. Nos. 89, 91.

[2]Doc. Nos. 155, 156.

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

received no response from the warden. Because thirty days have passed since the request was submitted, the issue is properly before this Court.

Defendant seeks compassionate release because he asserts that his respiratory issues, hypertension, and obesity higher risk if he contracted COVID-19. First, these health conditions are not "extraordinary and compelling" reasons warranting release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health conditions are not listed. Furthermore, Defendant has provided no argument or evidence that his health conditions cannot be controlled with medication or that they prevent him from independently functioning within the prison. Furthermore, Defendant's respiratory issues did not prevent him from smoking marijuana since age 14. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6] Third, Defendant is 42 years old and has served only a fraction of his sentence, so he does not meet the age and minimum served-time requirements under the Guidelines.

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 18, Defendant has over ten prior convictions. They include second-degree battery, fleeing, aggravated assault, third-degree battery, felon in possession of a firearm, tampering with evidence, delivery of cocaine, and possession with intent to deliver cocaine. The last two convictions involved the same conduct as the instant offense. Additionally, Defendant committed the instant offense while on parole for a prior conviction.

On February 26, 2014, a confidential informant purchased 12.3 grams of crack cocaine from Defendant. In August 2014, Defendant, on four different occasions, sold a confidential informant a total of 266.6153 grams of 95% pure methamphetamine. Ultimately, Defendant qualified as a career offender and he was sentenced to the high-end of the guidelines range.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 187) is DENIED.

IT IS SO ORDERED, this 31st day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE